## ALBERT RUBE v. STATE.

### [58 South. 99.]

TRESPASS. *Indictment. Sufficiency. Code of 1906, section 1394.*

> An indictment for trespass drawn under Code of 1906, section 1394, is fatally defective, which fails to allege, either that defendant went upon the inclosed land of another without his consent, after having been notified by such person or his agent not to do so, or that he remained on such land after a notification by such person or his agent to depart.

APPEAL from the circuit court of Newton county.
HON. C. L. DOBBS, Judge.

Albert Rube was convicted of trespass and appeals.

The indictment preferred against the appellant is as follows: ''The grand jurors for the state of Mississippi, elected, impaneled, sworn, and charged in and for Newton county, state aforesaid, in the name and by the au-

thority of the state of Mississippi, upon their oath, present that Albert Rube, on the 1st day of December, 1910, in Newton county aforesaid, with force and arms into a certain yard or parcel of land, or real property, the same being inclosed with a fence and then and there in the possession of J. T. Harvey, unlawfully, willfully, and maliciously did enter and trespass upon the aforementioned parcel of land or real property, by entering onto said land in person and on foot aforesaid, against the peace and dignity of the state of Mississippi.''

To this indictment defendant demurred; grounds of demurrer being as follows: (2) ''Because the indictment does not set out in it that fact in the crime of trespassing on property which shows that notice or warning by the party in possession of the property to defendant, which is the essential point in such crime.'' (3) ''Because the indictment does not show that such entering on the property mentioned was without the consent of the party in possession, to-wit, J. T. Harvey.''

Section 1394 of the Code of 1906 is as follows: ''If any person shall go upon the inclosed land of another without his consent, after having been notified by such person or his agent not to do so, either personally or by published or posted notice, or shall remain on such land after a request by such person or his agent to part, he shall, upon conviction, be fined not more than fifty dollars for such offense. The provisions of this section shall apply to land not inclosed where the stock law is in force.''

*A. W. Cooper,* for appellant.

We do not believe the indictment charges a crime. It is evidently drawn under section 1394 of the Code of 1906, and to charge a trespass under that section should set out the negatives; for without them in this section no trespass is charged, and certainly no trespass is committed unless proven.

The charging part of the indictment says "trespassed on said land by entering onto said land in person and on foot."

Is it a trespass, or any crime whatever for me to "enter onto a lot or piece of land in person and on foot," unless I do so against the will of having been notified by the owner or person in possession, not to enter?

What is trespass?

The amount of violence used is immaterial, as this will be implied by the law from the circumstances of the case. The mere touching of one's person against his will, the entering upon one's realty without his consent, and these negatives are necessary to the committing of a trespass, certainly should be set out in the indictment. See *State* v. *Sparrow*, 52 Mo. App. 374, 23 Tex. App. 404, 5 S. W. App. 117.

*Ross A. Collins,* attorney-general, for appellee.

The indictment in this case, attempting to follow section 1394, Code of 1906, charges that Albert Rube, on the first day of December, 1910, in Newton county, Miss., with force and arms, entered a certain yard or parcel of land, or real property, the same being enclosed with a fence, and then and there, in the possession of J. T. Harvey, unlawfully, willfully and maliciously did enter onto, and trespass upon, the aforesaid mentioned parcel of land, or real property by entering onto said land in person and on foot, as aforesaid, etc.

The sole point in the case raised in the court below by demurrer of the defendant, and raised in this court by assignment of error and brief of appellant, arises out of the facts that the indictment fails to state that Albert Rube trespassed on the enclosed land of J. T. Harvey, without his consent, after having been notified by such person, or his agent, not to do so either personally or by published or posted notice, or shall remain on said land after a request by such person, or his agent, to depart.

Whether or not the words, "unlawfully, willfully and maliciously" cures an otherwise defective indictment, I am not prepared to say. This proposition I respectfully submit to this honorable court.

McLEAN, J., delivered the opinion of the court.

The indictment in this case was drawn under section 1394 of the Code of 1906. It fails wholly to allege that the defendant went upon the inclosed land of another without his consent, after having been notified by such person or his agent not to do so. Neither did the indictment allege that he remained on such land after a notification by such person, or his agent, to depart. In order for the indictment to be good, it must allege one of the two things above named.

The indictment charges no crime and the demurrer should have been sustained.                *Reversed.*